IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  1:11cr16-SPM/GRJ

PEDRO ENRIQUE PEREZ RODRIGUEZ, et al.

    Defendants.
_____/

## ORDER

This cause is before the Court upon Defendant, Pedro Enrique Perez Rodriguez's, Motion to Exclude Testimony (doc. 162).[1] Defendant contends that Trooper David Cimino, listed on the government's witness list, will likely testify as to Defendant's arrest on charges of Possession of Marijuana and Possession of a Firearm on November 16, 2010. Defendant argues that this arrest is unrelated to this case and the testimony on this issue is prohibited by Fed. R. Evid. 404. The government, on the other hand, argues that the allegation is that a conspiracy occurred over a period of time and this arrest is part of the conspiracy.

---

[1] The Court heard oral argument on this motion on November 30, 2011, during the pretrial conference.

Rule 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." However, the rule goes on to state that such evidence, "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge . . . ." Fed. R. Evid. 404(b) For evidence of other crimes or acts to be admissible under Rule 404(b),

> (1) [I]t must be relevant to an issue other than defendant's character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s) in question; and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must satisfy Rule 403.[2]

U.S. v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007). There has been no suggestion, and the Court has no reason to conclude, that there is insufficient evidence for a jury to find that defendant possessed marijuana and a firearm. Therefore, we are left with a discussion of the first and third prongs of the test.

It seems clear that evidence of defendant's arrest for possession of

---

[2] Rule 403 states that,

"[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy, which should be used only sparingly, and the balance should be struck in favor of admissibility." Edouard, 485 F.3d at 1344. Therefore, "in reviewing issues under Rule 403, we look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." Id.

marijuana is relevant other than for purposes of character evidence. At the very least, defendant's arrest for possession of marijuana in November 2010, is probative of an intent to commit the offenses charged in the indictment, that allegedly occurred between August 2010 and April 2011. U.S. v. Brown, 587 F.3d 1082, 1090 (11th Cir. 2009). Defendant's possession of marijuana and a firearm suggests that he intentionally possessed with the intent to distribute a controlled substance, one of the allegations in this case.

Additionally, the Court does not find that the evidence is more prejudicial than probative. In making such a determination, the Court must "engage in a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." Id. at 1091. As discussed, a crime involving possession of a controlled substance and a firearm, is probative of the intent to engage in possession with the intent to distribute that same substance. Moreover, a crime that took place during the course of, or immediately preceding, the charged acts in this case, are not too remote for admission. See Brown, 587 F. 3d at 1091 (finding that convictions were properly admitted where they occurred six years prior to the beginning of the charged conspiracy). In fact, considering that the charged acts occurred between August 2010 and April 2011, Rodriguez's arrest in November 2010 suggests that his conduct was simply a part of the overall scheme.

Accordingly, it is ORDERED and ADJUDGED that the Motion to Exclude Testimony (doc. 162) is **denied**.

DONE AND ORDERED this 1st day of December, 2011.

*S/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge